8163

## SPIGENER v. SPIGENER.

1. Wills—Codicils—Power.—The provisions of a will devising real property to one for life with power of sale and reinvestment are not limited by the provisions of a codicil to the effect that the vesting of the property as provided in the will to take effect at the death of the life tenant be postponed until the youngest child attains its majority.

2. Ibid.—Words and Phrases.—"As it" held to be used in sense of "which."

3. Ibid.—Words and Phrases.—The word "revoke," used in the codicil, held to have been used in sense of "modifies" or "postpones."

Before Wilson, J., Richland, January, 1912.   Affirmed.

Action by M. R. Spigener, in his own right, and as executor of Sallie F. Spigener, against M. R. Spigener, Jr., *et al.*

The will and codicil in question are:

"State of South Carolina.   In the Name of God, Amen:

"I, Sallie F. Spigener, of the county of Richland, in said State, being of sound and disposing bind, and memory, but thoughtful of the uncertainties of life, do make and ordain this to be my last will and testament, hereby revoking all other wills and .testaments by me at any time heretofore made.

Item First: "I give, devise and bequeath, all my estate, real and personal, of every kind and of whatsoever the same may consist, to my dearly beloved husband, Maynard R. Spigener, for and during his natural life, for his own especial use and benefit.

Item Second: "From and immediately after the determination of the interest given my husband, by his death, then I give, devise and bequeath all my said estate to all my living children, share and share alike, the children of any deceased child to take the share of such deceased parent.

Item Third : "I desire and I direct, that so long as my said husband's interest may continue, that he have absolute power and authority to sell and dispose of any of my said estate as he may see fit or deem advisable, and further direct that he reinvest any proceeds, from any such sale, in any way that he may deem advisable for the best interests of my said estate.

Item Fourth: "I hereby appoint my husband, Maynard R. Spigener, sole executor of this, my last will and testament."

Codicil:

"I, Sallie F. Spigener, the testator, herein do hereby annex the following words, as a codicil to the within, my last will and testament, to wit: I will and direct that after the determination of the interest herein given to my husband by his death, all my real estate as I shall leave it at my death, shall remain unsold until all of my children shall become of age; and until then, the uses, rents and profits of all my estate, real and personal, shall be used as a home, and for the comfort, and enjoyment, and for the education of all my minor children, such interest to the said minor children, terminating to each as they shall respectively become of age, except as to my daughters, whose interest in the said uses, rents and profits, shall continue to hold to them as long as they remain single, when such interest to them respectively, each upon their marrying shall terminate; it being my will that none of my children, males, shall have any interest whatsoever in the said uses and *rests,* issues and profits of my estate after they become of age,—and females after they shall marry, until the final division of my estate.

"This item revokes item (2) of the within will."

The Circuit decree is:

"This is an action for the specific performance by the defendants, Alfred B. Owings and W. D. Meehan, of a contract of purchase, which is set forth in the complaint, of a lot in the city of Columbia, on the west side of Main street, between the Stork property on the north and the Palmetto National Bank building on the south, measuring on Main street thirty-three and one-half (33 1-2) feet, more or less, and running back two hundred and eight (208) feet, more or less, now known as Nos. 1327 and 1329 Main street, the price to be twelve hundred and fifty ($1,250.00) dollars per front foot, one-third to be paid in cash and the balance to be secured by bond and first mortgage of the premises, bearing six (6) per cent. interest, and to run for five years,

with the privilege of paying all cash or to anticipate the deferred payment upon ninety days' written notice.

"The action involves the construction of the will of Mrs. Sallie F. Spigener, deceased, with reference to the power of sale conferred upon the plaintiff (her husband) by item third of the will, and whether that power is abrogated or affected by the codicil to the said will. .

"The said two defendants by their answer admit the contract of purchase and set up as their defense for not performing the same certain contentions and questions as to the interpretation of the will and codicil, to the effect that the plaintiff cannot give good and marketable title, all of which will more fully appear by reference to the said answer.

"All the parties necessary to a final determination of the questions at issue are regularly and properly before the Court as parties to this action. The ten children of the deceased, her only living children or descendants, have all been regularly served, personally, and have answered. The six adult children accepted personal service by their written acknowledgment of the same, and filed an answer, signed by each of them, admitting the allegations of the complaint and consenting to judgment, as prayed. The four infant defendants, the remaining children of the testatrix, Jennie S., Sarah F., J. Victor and Philip S. Spigener, after due personal service upon them of the summons and complaint, and proper applications for the appointment of guardian *ad litem,* and due and regular appointment of Edward L. Craig, Esq., an attorney of Columbia, S. C., as their guardian *ad litem,* by orders of the clerk of this Court, were represented by their said guardian *ad litem* at the hearing of the cause, as well as at the references held by the master, · the said guardian *ad litem* having filed an answer for the said infant defendants, submitting their rights to the protection of this Court. The defendants, Owings and

Meehan, were represented at the hearing by R. Beverley Sloan, Esq., their attorney.

"All the defendants reside in this State. The ten children of the testatrix reside with their father, on Sumter street, except that M. R. Spigener, Jr., was, at the beginning of the action, residing or temporarily absent at Barnwell, S. C., and Marion E. Spigener and the two infant daughters were, at the beginning of the action, and are at present, temporarily out of the State, being at the Virginia Institute, in the city of Bristol, in the State of Virginia (they being in the part that is not in Tennessee), the former being a teacher in said institute and the latter being students there, but all returning to their father's home in Columbia, their home, in the summer. An order for the service of these three defendants by publication was duly taken, and they were thereafter regularly and properly served personally and made parties to the action. The three infants, Jennie S., Sarah F., and J. Victor Spigener, were, at the beginning of the action, over fourteen years of age, and they duly petitioned the clerk of this Court to appoint Edward L. Craig, Esq., an attorney of this bar, their guardian *ad litem,* and he was duly appointed and answered and appeared for them. The remaining infant defendant, Philip S. Spigener, was under fourteen years of age, and his father, with whom he resides, the plaintiff herein, duly petitioned for the appointment of a guardian *ad litem* for the said infant, Philip S. Spigener, and Edward L. Craig, Esq., was duly appointed by the clerk of this Court, and answered and appeared for said infant defendant.

"Order of reference was taken, referring it to the master to take the testimony and report the same. The master's report and all the papers in the cause are before the Court. The allegations of the complaint are proven by the evidence. The agreed price is adequate and the sale will be advantageous to the estate. The plaintiff is competent to reinvest the proceeds and manage the same profitably and to the best

interest of the estate, as contemplated in item third of the will.

"The will and codicil alleged in the complaint are in evidence (Judgment Roll No. 5161, Box 171, of the probate court of Richland county). The plaintiff has qualified as executor and administered the estate. He is in possession of all the estate of the testatrix, for his own especial use and benefit for his life, under and by virtue of item first of the will. By item third he clearly has 'absolute power and authority to sell and dispose of any of' the said estate 'as he may see fit or deem advisable,' and to 'reinvest from any proceeds from any such sale in any way that he may deem advisable for the best interest of the 'said estate.' There is nothing in the codicil to abrogate or in any way modify this power conferred upon him by the said item third. The codicil is designed and intended solely to change the provisions of item second, by which the testatrix had vested all her estate in her living children (the children of a deceased child to represent the deceased parent) immediately upon the death of her husband, this plaintiff. By the codicil she postpones the distribution or sale of her estate, after the death of her husband, until all her children become of age. 'Until then' she devotes the 'uses, rents, and profits of all' her 'estate, real and personal,' to the provision of a home and of support and education for all her minor children and her unmarried daughters, depriving her sons, as they become of age, and her daughters, as they marry, of any interest in said uses, rents and profits, 'until the final division of the estate;' that is, until the youngest living becomes of age. Everything in the codicil has reference to a time *after the death of her husband,* 'after the determination of the interest herein given to my husband by his death.' The time when this (codicil) provision of the will applies being thus fixed as beginning upon the death of her husband, she had no reference to a period during the life of her husband, when in the same sentence (which consti-

tutes said codicil) she used the clause which is brought to the attention of the Court by the complaint for interpretation and is relied upon as a defense by the defendants, Owings and Meehan, to wit: 'as I shall leave it at my death' (real estate). It is only 'after the determination of the interest herein given to my husband by his death' that she directs that her real estate shall 'remain unsold until' her children all become of age. She makes no provision for her children during the life of her husband. The clause, 'as I shall leave it at my death' (referring to 'all my real estate'), is reconciled with the remainder of the sentence by construing the words 'as it' to be the relative 'which,' the sentence (codicil) then reading: 'I will and direct that, *after the determination* of the interest herein given to my husband *by his death,* all my real estate *which* (as) *I shall leave* (it) at my *death* shall remain unsold until all my children shall become of age; and until then,' etc. This clause was unnecessary to the sentence, though it is an emphasis of the idea that the corpus of her estate is to be kept intact by her husband for her children, he using the income only. It is entirely consistent with her previous direction (item third), that he should sell and reinvest at will. It in no way modifies that full discretionary power.

"This necessary construction of the will and codicil, from the language of both, is further borne out by the explicit words with which the codicil concludes, to wit: 'This item revokes item (2) of the within will.' This is a definite limitation of the effect of the codicil, and is consistent with its subject matter, which is the same as the subject matter of item second and different from that of item third. The word, 'revokes,' is misused—the codicil merely postpones and modifies item second.

"This conclusion is reached solely from the language of the will and codicil. The testimony of Mr. N. W. Brooker,

who drew and wrote the will and codicil, was by agreement ruled out as incompetent.

"It is agreed, that the action being necessary to prevent any cloud on the title of the purchaser and for the construction of the will, of which plaintiff is executor, the costs of the action should be paid out of the estate; that is, out of the corpus, the plaintiff being entitled to the income for life. * * *

"The objections of the defendants, Owings and Meehan, set up in their answer, are all overruled. The plaintiff makes title individually, under the power conferred by the will." (Formal judgment omitted.)

From this decree defendants, Alfred B. Owings and W. D. Meehan, appeal.

*Mr. R. Beverley Sloan,* for appellants, cites: *Words used in codicil must be construed in their ordinary sense:* 30 Ency. 670; 2 Strob. Eq. 379; 2 Hill Eq. 50, 605; 5 Rich. Eq. 83. *Codicil must control:* 6 Ency. 175, 186; 71 S. C. 199; 1 N. & McC. 322; 1 Hill, Ch. 360; 1 Brev. 297. *In construction of wills every word should have its effect:* 30 Ency. 691; 1 Brev. 419, 328; 7 Rich. Eq. 425; 5 Rich. Eq. 89.

*Mr. John J. McMahan,* contra, cites: *Will and codicil should be construed together:* 20 S. C. 587; 71 S. C. 188. *The provisions will be harmonized if possible:* 20 S. C. 587; 71 S. C. 188; 30 Ency. 664-686; 3 Jar. 705. *Words may be substituted:* Chev. Eq. 90; 1 Spear. 258; 7 Rich. Eq. 422; 23 S. C. 453.

March 28, 1912. The opinion of the Court was delivered by

Mr. Justice Woods. The judgment of this Court is that the judgment of the Circuit Court be affirmed for the reasons therein stated.

MR. JUSTICE FRASER, *concurring.*   I concur in the result. It seems to me that "revokes" means revokes just as "item 2" means item 2.   That it is clear that the codicil affects item 2 alone and is a substitute for it, and in order to make the substitution complete, revokes it.   Now read the will and codicil as one and if there be a conflict between item 2 and item 3, then, under the well known rule, item 3 governs.

For these reasons I concur in the result.